No. 25-20108

# In the United States Court of Appeals for the Fifth Circuit

TEXAS A&M QUEER EMPOWERMENT COUNCIL,
*Plaintiff-Appellee*,

v.

WILLIAM MAHOMES, ROBERT L. ALBRITTON, DAVID C. BAGGETT, JAMES R. BROOKS, JOHN W. BELLINGER, JAY GRAHAM, MICHAEL A. HERNANDEZ, III, MICHAEL J. PLANK, SAM TORN, AND CAGE SAWYERS, IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF REGENTS OF THE TEXAS A&M UNIVERSITY SYSTEM; JOHN SHARP, IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE TEXAS A&M UNIVERSITY SYSTEM; MARK A. WELSH, III, IN HIS CAPACITY AS THE PRESIDENT OF TEXAS A&M UNIVERSITY,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

**UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27, Appellants respectfully move to hold this appeal in abeyance pending this Court's decisions in *Spectrum WT v. Wendler*, No. 23-10994 (5th Cir.), and *Woodlands Pride, Inc. v. Paxton*, No. 23-20480 (5th Cir.), which may govern the outcome of this case. Plaintiff-Appellee does not oppose this motion.

On February 28, 2025, the Texas A&M University Board System Board of Regents issued a resolution prohibiting the event venues across the University System from hosting drag shows. Appellees Texas A&M Queer Empowerment Council sought an injunction allowing their drag show, planned for March 27, 2025, to proceed as scheduled. The district court preliminarily enjoined the resolution on March 24, 2025. The district court concluded, in part, that Appellees were likely to succeed on the merits in showing that a drag show is expressive conduct. Appellants filed their notice of appeal on April 2, 2025. The opening brief is currently due June 2, 2025.

*Spectrum WT* and *Woodlands Pride* both present the question of whether a drag show is expressive conduct and currently are pending before the Court. *Spectrum WT* also involves the question whether campus event venues are limited public forums. This Court heard oral argument in *Spectrum WT* on April 29, 2024, and *Woodlands Pride* on October 9, 2024. The Court has not yet issued a decision in either matter. Based on the sound rationale of preservation of judicial resources, this Court should hold this case in abeyance. *See, e.g.*, *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (per curiam) ("Often we issue such orders [holding a case in abeyance] in light of other pending proceedings that may affect the outcome of the case before us.").

Further, all parties consent to the relief sough herein. Accordingly, Appellants request that the Court hold this appeal in abeyance pending the outcome of *Spectrum WT* and *Woodlands Pride*. The parties will promptly notify the Court upon the resolution of both cases.

Date: May 21, 2025.                     Respectfully submitted.

Ken Paxton                              Aaron L. Nielson
Attorney General of Texas               Solicitor General

Brent Webster                           */s/ Jacob C. Beach*
First Assistant Attorney General        Jacob C. Beach
                                        Assistant Solicitor General
Office of the Attorney General          Jacob.Beach@oag.texas.gov
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-6407
Fax: (512) 474-2697                     Counsel for Defendants-Appellants

## Certificate of Service

On May 21, 2025, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

*/s/ Jacob C. Beach*
Jacob C. Beach

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 326 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

*/s/ Jacob C. Beach*
Jacob C. Beach
